UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:11-cr-00245 |
| v. | ) Chief Judge William J. Haynes, Jr. |
| | ) |
| KEITH E. SALMON | ) |

### PLEA AGREEMENT

The United States of America, through David Rivera, Acting United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney Lynne T. Ingram, and defendant, Keith E. Salmon, through defendant's counsel, Glenn R. Funk, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1.  Defendant acknowledges that he has been charged in the indictment in this case with solicitation of an underage child in violation of Title 18, United States Code, Section 2422(b); the distribution of child pornography in violation of Title 18, United States Code, Section 2252(a)(3)(B); and possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(A).

2.  Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count 2 of the indictment, charging distribution of child pornography in violation of Title 18, United States Code, Section 2252(a)(3)(B). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment. After the sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment.

## Penalties

4. The parties understand and agree that the offense to which defendant will enter a plea of guilty carries the following maximum penalties: a mandatory minimum of 5 years and a maximum of 20 years imprisonment, a fine not to exceed $250,000, a $100 special assessment, and a mandatory minimum of five years of supervised release. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court. Defendant also understands that as a result of his offense, he is subject to forfeiture of property as discussed below. Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release is any term of years not less than 5, or life, notwithstanding 18 U.S.C. § 3583(b). The combination of prison time and supervised release is permitted, by law, to exceed the maximum term of incarceration allowed under the statute(s) that defendant is pleading guilty to violating. Violation of any condition of supervised release may result in defendant being imprisoned for the entire term of supervised release or being prosecuted for contempt of court under Title 18, United States Code, Section 401(3).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case CR 3:11-cr-00245.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

   (a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

   (b) If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charge(s) beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

   (c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charge contained in Count 2 of the indictment charging that on or about May 28, 2010, in the Middle District of Tennessee, the defendant, KEITH E. SALMON, did knowingly advertise, promote, present, and distribute material using a means or facility of interstate commerce, in a manner that reflected the belief and was intended to cause another to believe, that the material was or contained an obscene visual depiction of a minor engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252A(a)(3)(A).

4

In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On May 26, 2010, defendant Keith Salmon initiated contact via Yahoo email with an undercover officer, whom he believed to be a 13-year old girl. Salmon asked the minor sexual questions, and he sent the minor pictures of a 16 or 17 year old female engaged in a sex act or displaying her genitals.

On May 27, the defendant again contacted the undercover officer believing him to be a 13-year-old girl. The defendant stated that he would send the minor pictures of child pornography and a hard drive with naked pictures of her once he received them. He also sent the minor a picture of a pre-pubescent female child (erotica) and stated that he wanted the minor to dress like the child in the picture.

On May 28, the defendant, still believing the undercover officer was a 13-year-old girl, sent two pictures and one video to the undercover officer. The first picture was of two nude adult females. The second picture depicted an adult female and a pubescent female, both fully clothed; however, the adult female had her left hand inside the front of the child's pants. The video sent by the defendant showed two prepubescent girls engaged in sexual activity. The defendant sent two more pictures and seven more videos, all containing adult pornography. In all, the undercover officer successfully downloaded 23 files from the defendant containing 15 still images and 8 videos. All of these files depicted images that were undeniably sexually explicit in nature..

On September 9, 2010, authorities from the FBI and Rutherford County executed a federal search warrant on Keith Salmon's residence at 416 Wooded Valley Court, La Vergne, Tennessee. During the search, the FBI and the Rutherford County authorities seized the defendant's

computer and media. This seizure revealed that the defendant possessed 254 images of child erotica and possibly child pornography. A thumb drive was found to have 101 image files of preteen girls in various types of dress and an additional 240 chat logs that contain talk of sex with children. During the search, Salmon agreed to speak with the officers, and he admitted to using the Yahoo name "gort.marts" for approximately one year. He also admitted to sending chat messages, pictures, and videos to the Yahoo user known as "texasgrl13." He further stated that he was unaware that the video he sent with pre-pubescent females engaged in sexual activity constituted child pornography.

Salmon knowingly distributed images of child pornography via Yahoo email. Salmon distributed the images in a manner that reflected his belief that the images contained an obscene visual depiction of a minor engaging in sexually explicit conduct. Salmon distributed the images of child pornography through interstate commerce.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2012.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(C), to the following:

    (a) **Offense Level Calculations.**

        i. The base offense level for the count of conviction is 22, pursuant to U.S.S.G. § 2G2.2.

        ii. The offense level shall be increased 2 levels because the defendant used a computer to distribute images of child pornography, pursuant to U.S.S.G. § 2G2.2(b)(6).

        ii. The offense level shall be increased by 3 levels because the of the number of images of child pornography distributed by the defendant pursuant to U.S.S.G. § 2G2.2(b)(7)(B)

        iii. The offense level shall be increased by 5 levels because the defendant distributed images for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, pursuant to U.S.S.G. § 2G2.2(b)(3)(B).

        iv. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial

7

and permitting the government and the Court to allocate their resources efficiently.

(b) **Criminal History Category**. The parties agree that defendant has the following relevant criminal history:

i. On or about October 28, 1992, defendant was convicted of Lewdness, a Class B Misdemeanor, in the Second District Court of Layton County, State of Utah, and sentenced to 80 days imprisonment suspended and ordered to pay an $800 fine.

ii. On or about July 26, 1991, defendant was convicted of 1 count of soliciting sex in Salt Lake City Court in Utah. Defendant was sentenced to 7 days imprisonment and ordered to pay a fine of $250.

The parties believe that defendant's criminal history points equals 5, and therefore agree to recommend, and will recommend, to the Court a Criminal History Category of II.

(c) **Guidelines Range** Therefore, the parties agree to recommend to the Court a final offense level of 29 (the "**Recommended Offense Level**"). Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level)" may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

When combined with the anticipated Criminal History Category of II, the Recommended Offense Level would result in a recommended advisory sentencing range of 97 to 121 months imprisonment and a fine of up to $250,000 (the "**Recommended Guidelines Range**"). Defendant

8

understands that the court-determined guidelines range may be different from the Recommended Guidelines Range.

**Agreements Relating to Sentencing**

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of 84 months in the custody of the Bureau of Prisons and 20 years supervised release. Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth herein, defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

12. Defendant understands and agrees that:

(a) Pursuant to Title 18, United States Code, Section 3583(k), he is subject to supervised release for a minimum of five years up to life. In this case, defendant agrees to serve 20 years of supervised release after his incarceration.

(b) He will submit to sex offender evaluation and treatment as recommended by an appropriate provider contracted per the guidelines and procedures promulgated by the Administrative Office of the United States Courts.

(c) He will register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school, in compliance with Title 18, United States Code 2250(a).

9

## Forfeiture or Abandonment of Property

13. The indictment charges that the defendant has subjected personal property to forfeiture, namely a Dell tower, serial number JX85T91; Dell Linux, serial number FKVFG61; E Machine T3025, serial number CA13CB0003186; External DD Western Digital with cables, serial number WCASU2995308; 4GB Quest Software Zune, serial number 060939174815; Camera ATIVA NGBILIISMP6AS, serial number 91805842; ATIVA 1 GB Thumb Drive, serial number N/A; PNY 128MB Thumb Drive, serial number N/A; UC4 512MB Thumb Drive, serial number N/A; Imation 256MB Thumb Drive, serial number N/A; CD's/DVD's, 2 cases, serial number N/A; CD's/DVD's, on 2 spindles, serial number N/A; Dell Inspiron PP12L, serial number 2KGSW81; ~~Dell Inspiron 530S, serial number N/A~~ CRF; Dell Inspiron PP12L, serial number 2KGSW81; ~~Dell Inspiron 530S, serial number 7222CG1~~ CRF, Dell Inspiron 530 DCMF, serial number HMD8CG1; Memory Cards, serial number N/A; Cannon Powershot PC1080 A 400, serial number 066; CD's, serial number N/A; Floppy Disks, serial number N/A; seized from 416 Wooded Valley Court, La Vergne, Tennessee 37086 on September 9, 2010 because that property constitutes pursuant to 18 U.S.C. § 2252A.

As such, the defendant hereby relinquishes all claim, title, and interest to such property and cedes whatever interest he may have in such property to the United States with the understanding, acknowledgment, and agreement that the property may be destroyed or returned to the rightful owner without further proceedings.

14. Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-

10

described property and further agrees to the seizure of this property so that these this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture and will cooperate with the United States during the ancillary stages of any forfeiture proceedings to defeat the claim of a third party in the event a third party files a claim.

15. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

16. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of

11

justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

18.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Entry of Guilty Plea

19.     The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

20.     Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty; (iii) rights to appeal the forfeiture; and (iii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal the sentence. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. Such waiver does not apply, however,

to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence that includes a term of imprisonment of 84 months as set forth in the agreement.

### Other Terms

21. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

22. Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

### Conclusion

23. Defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

24. Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

25. Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

13

26. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

27. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 6-28-13

*Keith E. Salmon*
Keith E. Salmon
Defendant

28. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter

14

into this Plea Agreement is an informed and voluntary one.

Date: 6-28-13

*/s/ Glenn R. Funk*
Glenn R. Funk
Counsel for Defendant

Respectfully submitted,
David Rivera

United States Attorney

By: */s/ Lynne T. Ingram*
Lynne T. Ingram
Assistant U.S. Attorney

*/s/ Hal McDonough* Deputy Chief
Hal McDonough
Deputy Chief

15